## WEST GIBSON V. THE STATE.

No. 9208.   Delivered June 10, 1925.

### Manufacturing Intoxicating Liquor—Evidence—Sufficiency of.

Where on a trial for manufacturing intoxicating liquor it is shown that a still, in operation, and various appurtenances suitable for making intoxicating liquor and some of the finished product was found on appellant's premises, this evidence sustains the verdict, notwithstanding that appellant and his wife both testified that the whisky was being manufactured for medicinal purposes. The credibility of witnesses and the weight to be given to their testimony is the province of the jury. See Satterwhite v. State, 8. Tex. Crim. App. 609, and other cases cited.

Appeal from the District Court of Milam County.   Tried below before the Hon. Jno. Watson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Henderson, Kidd & Henderson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

Upon the premises of the appellant were found a still in operation and various appurtenances suitable for making intoxicating liquor and some of the finished product.

The defense urged is that the whiskey was manufactured for medicinal purposes. Upon this issue the appellant introduced his wife who testified that the appellant was suffering from attacks in his stomach and that he kept on hand a supply of Black Draught and whiskey; that the whiskey was being made for his use in connection with the Black Draught for medicinal purposes.

Appellant testified that he was past seventy years of age; that he had lived in the county for many years; that he had been advised by Dr. Hubert in about 1908 and 1909 to use tea made of Black Draught and whiskey for his stomach trouble and that he had been using it for that purpose for about twelve or fourteen years; that Black Draught was a medicine gotten from the drug stores; that he had never sold any whiskey; neither had he manufactured any except for medicinal purposes. Appellant's theory was supported by the testimony of himself and his wife. The credibility of their testimony was for the jury. See Satterwhite v. State, 6 Texas Crim.

App. 609; Ruling Case Law, Vol. 28, p. 660, sec. 245; Hawkins v. State, No. 8599, not yet reported.

The judgment is affirmed.

*Affirmed.*